IN THE CIRCUIT COURT FOR CHARLES COUNTY, MARYLAND

JANE DOE #2, INDIVIDUALLY AND AS PARENT
AND NEXT FRIEND OF JOHN DOE #2, A MINOR
c/o Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

        Plaintiff,

v.

CHARLES COUNTY BOARD OF EDUCATION
Jesse L. Starkey Administration Building
5980 Radio Station Road
La Plata, MD 20646

Serve on:
Superintendent Kimberly A. Hill
Jesse L. Starkey Administration Building
5980 Radio Station Road
La Plata, MD 20646

and

CARLOS DEANGELO BELL (#171621)
Charles County Detention Center
6855 Crain Highway
La Plata, MD 20646

        Defendants.

Case No.: C-08-CV-18-000137

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

COMES NOW, the Plaintiffs, Jane Doe #2, individually and as parent and next friend of John Doe #2, a minor, by undersigned counsel, Timothy F. Maloney, David M. Simpson, Matthew M. Bryant, Alyse L. Prawde, Joseph, Greenwald & Laake, P.A., and Dennis A. Baird

1

and Keshia D. Baird with The Law Offices of Dennis A. Baird, Esq., P.C. and sues Defendants Charles County Board of Education and Carlos Bell, and states for cause as follows:

## INTRODUCTION

This civil rights lawsuit arises from the unlawful conduct of Carlos Bell, an employee of Charles County Public Schools who worked as a middle school instructional assistant at Benjamin Stoddert Middle School and the track coach at La Plata High School and Maurice J. McDonough High School.

The minor Plaintiff attended Benjamin Stoddert Middle School during the 2015-2016 and 2016-2017 school years. Between May 2015 and June 2017, Bell – who is HIV positive – sexually abused, assaulted, and harassed in excess of 42 boys, including the minor Plaintiff. Bell's acts of abuse frequently occurred on school property and during the school day.

Law enforcement investigated and criminally charged Bell in the Circuit Court for Charles County with 206 offenses arising from this sexual abuse of numerous students in *State v. Carlos Deangelo Bell*, Case Nos.: C-08-CR-17-000115; C-08-CR-17-000037; C-08-CR-17-000359 (Charles County Circuit Court). On January 5, 2018, Bell entered a guilty plea to 27 charges in the state court criminal prosecution, and he presently awaits sentencing.

The United States Government charged Bell with 10 counts of violating of 18 U.S.C. § 2251(a) in federal court in *United States v. Carlos Bell*, Case No.: 8:17-cr-00577-PWG (United States District Court for the District of Maryland). On January 23, 2018, Bell pled guilty to all ten counts, and he presently awaits sentencing.

This abuse was permitted to occur because the Defendant Board of Education failed to adopt and implement reasonable policies and procedures to ensure that a teaching assistant and coach is not permitted to have unlimited access to children and not given the extraordinary

latitude and total lack of supervision where the school employee was afforded the opportunity to not only sexually abuse numerous students on school property, but to frequently videotape the sexual abuse all during the school day.

Plaintiff, as next friend, brings this class action on behalf of John Doe #2 and all other similarly situated children to obtain damages, restitution, as well as injunctive and other relief for the proposed Class, as defined below.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and all parties pursuant to Md. Code, § 6-102 through § 6-103 of the Courts and Judicial Proceedings Article ("C.J.P.").

2. Pursuant to C.J.P. § 6-201, venue in Charles County is proper. All material events occurred in Charles County, Maryland.

## PARTIES

3. Plaintiff Jane Doe #2 is an adult citizen of the State of Maryland who resides in Charles County, Maryland. Jane Doe #2 sues in her individual capacity and as parent and next friend of John Doe #2, a minor. John Doe #2 is a minor, and he is a resident of Charles County, Maryland.

4. Defendant Charles County Board of Education (the "Board") constitutes the governing body for the Charles County public school system. The Board's principal office is located at 5980 Radio Station Road, La Plata, Maryland 20646. The Board is a corporate body created under Md. Code, § 3-103 of the Education Article. At all times mentioned, Carlos Bell was an agent of the Defendant Board.

5. Defendant Carlos Bell is an adult citizen of the State of Maryland. He is incarcerated at the Charles County Detention Center, which is located at: 6855 Crain Highway, La Plata, MD 20646. At all times pertinent, Carlos Bell was an agent of the Defendant Board as an

instructional assistant at Benjamin Stoddert Middle School, the head track and field coach at La Plata High School, and the head track and field coach at Maurice J. McDonough High School. At all times relevant to this complaint, he acted in his official capacity as an agent and servant of the Charles County Board of Education and in his individual capacity.

## FACTS COMMON TO ALL COUNTS

6. John Doe #2 is a minor, and he attended Benjamin Stoddert Middle School during the 2015-2016 school year and during the 2016-2017 school year. Benjamin Stoddert Middle School is located at: 2040 St. Thomas Drive, Waldorf, MD 20602.

7. Charles County Public Schools are led by Superintendent Kimberly A. Hill. Superintendent Hill is a policymaker at Benjamin Stoddert Middle School, La Plata High School, and McDonough High School who has the ability to implement policy, control who is present at the school, control school grounds, screen potential staff members, and has a duty to monitor and supervise staff members, employees, and others who work and/or are present on school property for education purposes, including Carlos Bell.

8. In the fall of 2014, Defendant Charles County Board of Education hired Bell to work at J.P. Ryon Elementary School as a temporary instructional assistant.

9. In March 2015, Defendant Charles County Board of Education hired Bell as an instructional assistant, a permanent position, at Benjamin Stoddert Middle School.

10. During the 2015-2016 school year, Bell also worked as the track coach at McDonough High School, another public school operated by Defendant Charles County Board of Education.

11. Upon information and belief, Bell was terminated from his position as a track coach at McDonough High School.

12. In the fall of 2016, in addition to working at Benjamin Stoddert Middle School, Bell worked as a track coach at La Plata High School.

13. Bell used his position as an employee of the Charles County Public Schools to sexually exploit students at Benjamin Stoddert Middle School, La Plata High School, and McDonough High School.

14. While in the Benjamin Stoddert Middle School building during school hours, Bell pressured and/or coerced students to engage in sexual acts with him.

15. Bell recorded this criminal sexual abuse of the minor children on his cell phone.

16. Bell used his status as an adult, a school employee, and agent of the school to sexually abuse children at Benjamin Stoddert Middle School.

17. Upon information and belief, the number of known victims is approximately 42.

18. The filming of this sexual abuse took place in the school building during school hours, including in such open places as the computer lab, and Bell would simply lock the door to the computer lab when this sexual abuse occurred.

19. Upon information and belief, Defendant Board prohibits teachers and teacher's assistants from obstructing windows on doors throughout the school. This prohibition exists for purposes of student safety to ensure activity in classrooms of both students and teachers was lawful and consistent with the educational goals of the school system.

20. Despite this prohibition, it was the custom, pattern, and practice at Benjamin Stoddert Middle School to obstruct the windows on the classroom doors to maintain privacy inside the classrooms. The Defendant Board did not actually enforce any prohibition to the contrary and knowingly permitted and tolerated teachers to obstruct windows into classrooms despite the obvious risk to student safety.

21. Bell was able to perform sexual acts on school property because of the complete absence of any supervision and oversight of his conduct or behavior involving these children.

22. Bell was able to exercise this control over students by virtue of his position of trust and authority at the school, which was conferred upon him by Defendants Board of Education and Superintendent Hill.

23. Plaintiff John Doe #2 was vulnerable to the influence of an adult authority figure such as Bell.

24. During the 2015-2016 school year, Bell undertook efforts to control and eventually abuse the minor Plaintiff. Bell instructed the minor Plaintiff to meet him at his office in Benjamin Stoddert Middle School during lunch.

25. For the next meeting, Bell instructed the minor Plaintiff to meet him in the computer lab at Benjamin Stoddert Middle School.

26. Bell selected the computer lab because he either obstructed the window on the door with black paper or it was already obstructed and this prohibition was not enforced by the school.

27. In January 2016, Bell made predatory sexual advances on the minor Plaintiff.

28. From January 2016 until June 2016, Bell sexually abused the minor Plaintiff twice per week in the computer lab until the end of the school year.

29. Bell's actions exposed the minor Plaintiff to HIV due to Bell being HIV positive. To date, the minor Plaintiff has tested negative for HIV.

30. Bell also locked the door to the computer lab when this abuse occurred in a one on one meeting. Upon information and belief, this violated Board rules but it happened with such regularity that it was Board policy, custom, and practice to disregard this prohibition.

31. Unbeknownst to the minor Plaintiff at the time, it is believed that Bell videotaped this abuse, and he distributed these videos of the minor Plaintiff to others on the internet.

32. In order to increase his access to the minor Plaintiff, Bell also contacted the minor Plaintiff's mother, Jane Doe #2, and sought to have the minor Plaintiff train for track with Bell. She declined to allow the minor Plaintiff to train with him.

33. At all times relevant to this complaint, Bell acted as an agent of the Board and this status and position of influence, control, and authority conferred by the Board permitted, facilitated, enabled, and caused this conduct to occur. Specifically, during the school day and on school property, the Board gave Bell access to middle school students, including John Doe #2. The Board gave Bell a position of influence and control over these students, including John Doe #2. The Board gave Bell control of these students and he perpetrated this sexual abuse during the school day, all unsupervised, and it is believed that he documented the abuse by recording these acts.

34. It is believed and alleged that agents of the Board failed to promptly report concerns about Bell's extensive sexual abuse in violation of Maryland law with respect to promptly reporting sexual abuse as required by Md. Code, § 5-704 of the Family Law Article. F.L. § 5-704 requires educators, among others, to notify the appropriate authorities "as soon as possible" and submit a "written report" within 48 hours if the educator has "reason to believe that a child has been subjected to abuse or neglect."

35. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, mental pain and suffering, fright, nervousness, indignity, insult, extreme anxiety and fright, high blood pressure, anger, crying spells, health endangerment and

exposure due to being exposed to the potential for sexually transmitted diseases and HIV, medical expenses, a drop in grades, isolation, loss of sleep, loss of appetite, weight loss, and strained personal relationships. Plaintiff John Doe #2 requires psychological counseling and other treatment as a result of this abuse.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this lawsuit on behalf of herself, her minor son John Doe #2, and all other persons similarly situated, who are defined as follows:

> All current and former students at Benjamin Stoddert Middle School, La Plata High School, and McDonough High School who were sexually abused and/or exploited during the 2015-2016 school year and 2016-2017 school year by Carlos Bell.

37. This action is brought and may properly be maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and/or superiority requirements under applicable law.

### *Numerosity*

38. Upon information and belief, the members of the Class number between 40 to 50. As a result, the Class is so numerous that joinder of all members in a single action is impracticable. The members of the Class should be readily identifiable from information and records in Defendant's possession, custody or control and law enforcement's possession, custody and control. The disposition of these claims will provide substantial benefits to the Class.

### *Commonality/Predominance*

39. There is a well-defined community of interest and common questions of law and fact which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from members of the Class, and which

may be determined without reference to the individual circumstances of members of the Class, include, but are not limited to the following:

   a. Whether Carlos Bell sexually abused students at Benjamin Stoddert Middle School, La Plata High School, and McDonough High School;

   b. Whether the Board of Education had actual or constructive knowledge of Carlos Bell's actions and failed to take prompt action to protect the children at the schools;

   c. Whether the Board of Education had actual knowledge of prior incidents of sexual abuse between teachers and students that would have resulted in barring Carlos Bell from school grounds;

   d. Whether teachers and the administration at Benjamin Stoddert Middle School, La Plata High School, and McDonough High School exercised reasonable supervision of Bell during the time period that he sexually abused children on school property and during the school day;

   e. Whether, as a result of the Board of Education's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and nature of such relief.

### *Typicality*

40. The representative Plaintiff's claims are typical of the claims of the Class because Plaintiff and all members of the Class were injured by the same wrongful practices in which Defendants engaged and are based on the same legal theories. The only difference may be the amount of damages sustained by each member of the Class and does not bar class certification.

### *Adequacy of Representation*

41. Plaintiff will fairly and adequately protect and pursue the interests of the members of the Class. Plaintiff will vigorously represent the interests of the Class. Plaintiff has retained counsel who are experienced and qualified in prosecuting complex litigation cases and who have class action experience as well. Neither Plaintiff nor her attorneys have interests which are contrary to or in conflict with those of the Class.

*Superiority/Manageability*

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.

## COUNT I
### Violation of Article 24 of the Maryland Declaration of Rights
### (Plaintiffs v. Defendants Board of Education and Bell)

43. Plaintiffs adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

44. Article 24 of the Maryland Declaration of Rights guarantees public school students the right to bodily integrity, personal security, the right to be free from sexual abuse and/or sexual exploitation, and to be free from a deprivation of liberty without due process of law.

45. As detailed above, Bell's actions deprived John Doe #2 of his rights under Article 24 of the Maryland Declaration of Rights to bodily integrity and personal security, to be free from sexual abuse and/or sexual exploitation by an agent of the Board, and to be free from a deprivation of liberty without due process of law.

46. Bell sexually abused John Doe #2 on school property during school hours.

47. As a direct and proximate cause of Bell's actions, John Doe #2 suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

48. At all times relevant hereto, Defendants acted with ill-will and malice.

49. In doing the foregoing acts, Bell was acting within the scope of his duties and responsibilities as a teacher's assistant and/or agent of the Board of Education.

50. The Board is vicariously liable for Defendant Bell's violations of John Doe #2's rights under Article 24 of the Maryland Declaration of Rights.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

## COUNT II
**Violation of Article 26 of the Maryland Declaration of Rights**

**(Plaintiffs v. Defendants Board of Education and Bell)**

51. Plaintiffs incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

52. Article 26 of the Maryland Declaration of Rights guarantees the right to be free from unlawful search or seizure, loss of liberty, and the right to bodily integrity.

53. As detailed above, Bell's actions deprived John Doe #2 of his rights under Article 26 of the Maryland Declaration of Rights, including, but not limited to freedom from unlawful search or seizure, loss of liberty, and the right to bodily integrity.

54. On multiple occasions, Bell sexually abused John Doe #2 on school property during school hours.

55. As a direct and proximate cause of Bell's actions, John Doe #2 suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

56. At all times relevant hereto, Defendant Bell acted with ill-will and malice.

57. In doing the foregoing acts, Bell was acting within the scope of his duties and responsibilities as a teacher's assistant and/or agent of the Board of Education.

58. The Board is vicariously liable for Defendant Bell's violations of John Doe #2's rights under Article 26 of the Maryland Declaration of Rights.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds

$75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

## COUNT III
### Negligent Supervision
### (Plaintiffs v. Defendant Board of Education)

59. Plaintiffs adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

60. Defendant Charles County Board of Education owed the minor Plaintiff a duty to hire, supervise, and retain competent employees, and other individuals present on school grounds.

61. At all relevant times, Bell worked as a teacher's assistant at Benjamin Stoddert Middle School, was employed by and under the supervision of Defendant Board. Defendant Board had the authority to make retention and termination decisions regarding Bell's continued employment.

62. Bell sexually abused the minor Plaintiff, and sexually abused students during the school day while on school property during his tenure as an employee with the Board.

63. Defendant Board failed to properly supervise Bell during his tenure as an employee for the CCBOE. Bell was given power and authority over students and Defendant Board failed to provide meaningful supervision of that power, which enabled him to frequently and regularly sexually abuse students during the school day on school property.

64. Defendant Board breached their duty to supervise its staff by failing to adequately supervise the workplace, which included permitting Bell to sexually abuse the minor Plaintiff in the computer lab twice per week with the window obstructed and the door locked. Had Bell been adequately supervised, he would not have been able to sexually abuse students, including the minor Plaintiff, on school property during the school day.

65. As a direct and proximate result of the acts and conduct of Bell, the minor Plaintiff suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the

Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

### COUNT IV
### Violation of Md. Const. art. VIII, § 1
### (Plaintiffs v. Defendant Board of Education)

66. Plaintiffs adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

67. Md. Const. art. VIII, § 1 guarantees a thorough and efficient public school education to children in Maryland. It provides as follows: "The General Assembly, at its First Session after the adoption of this Constitution, shall by Law establish throughout the State a thorough and efficient System of Free Public Schools; and shall provide by taxation, or otherwise, for their maintenance."

68. The minor Plaintiff attended a public school in Maryland, Benjamin Stoddert Middle School, and the minor Plaintiff suffered sexual abuse by Bell, an agent of the Board of Education.

69. This sexual abuse denied the minor Plaintiff the right to a thorough and efficient public school education guaranteed by Md. Const. art. VIII, § 1 because the Board adopted a policy, procedure, and practice of inaction in response to Bell's widespread sexual abuse.

70. As a direct and proximate result of the Defendant Board's violation of the minor Plaintiff's rights under Md. Const. art. VIII, § 1, the minor Plaintiff suffered and continues to suffer profound and permanent injuries. He consciously experienced pain and suffering, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, mental pain and suffering, fright, nervousness, indignity and insult, all to his detriment. The minor Plaintiff was deprived of educational opportunities and equal access to his education. The minor Plaintiff will require extensive psychological and psychiatric care and counseling and other treatment as a proximate result of Defendants' actions.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs

and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

## COUNT V
### Battery
**(Plaintiffs v. Defendants Board of Education and Bell)**

71. Plaintiffs adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

72. Defendant Bell, acting individually and in his official capacity as an agent of Charles County Public Schools intentionally caused John Doe #2 to be touched in a harmful and offensive manner. Specifically, Defendant Bell sexually abused John Doe #2.

73. John Doe #2 did not and could not consent to Defendant Bell's offensive touching.

74. Defendant Bell's actions were undertaken deliberately, with ill-will and actual malice.

75. As a direct and proximate result of Bell's battery, John Doe #2 suffered physical and emotional damages, to include conscious pain and suffering.

76. At all times relevant to this Complaint, Bell was acting within the scope of his duties and responsibilities as a teacher's assistant and agent of the Board of Education.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses

in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

## COUNT VI
### Intentional Infliction of Emotional Distress
### (Plaintiffs v. Defendants Board of Education and Carlos Bell)

77. Plaintiffs adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

78. At all relevant times, the minor Plaintiff was under the care, custody, and control of Defendant Board, its agents, servants, and employees, including Carlos Bell.

79. Defendants intentionally inflicted emotional distress on the minor Plaintiff through Bell's sexual abuse of the minor Plaintiff.

80. Bell, acting individually and in his official capacity as a public school employee, engaged in conduct that was intentional, reckless, and in deliberate disregard of the high degree of probability that emotional distress would result to the minor Plaintiff. Specifically, he sexually abused the minor Plaintiff in the computer lab two times per week for a period of approximately six months.

81. Bell knew or should have known that sexually abusing the minor Plaintiff, as a trusted adult in a position of authority over the minor Plaintiff, would result in extreme emotional distress to that child.

82. Bell's actions of sexually abusing the minor Plaintiff constituted behavior so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized community.

83. The conduct of Bell was malicious, willful, and intentional.

84. As a direct and proximate result of the acts and conduct of Bell, the minor Plaintiff suffered and continues to suffer, among other things, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

WHEREFORE, Plaintiffs and members of the Class request that the Court enter a judgment against Defendants as follows: (A) Certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class; (B) Awarding Plaintiffs and other members of the Class monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000; (C) Awarding Plaintiffs and other members of the Class punitive damages in an amount to be determined at trial; (D) Awarding Plaintiffs and other members of the Class reasonable attorneys' fees; (E) Awarding Plaintiffs and other members of the Class their costs and expenses in this litigation, including expert witness fees; (F) Awarding Plaintiffs and other members of the Class equitable and injunctive relief compelling the Defendant Board of Education to (i) monitor school property; (ii) institute a formal, meaningful, transparent and timely process to investigate employees and/or agents accused of sexually abusing students; (iii) adopt and enforce meaningful policies concerning criminal background checks, child abuse clearance checks, and

fingerprinting for all employees; and (iv) implement a formal practice of keeping a written record of all complaints that are made about an employee or volunteer; (G) Awarding Plaintiffs and other members of the Class such other relief as the Court deems just and proper; and (H) Creating a common fund against which claims may be submitted by Plaintiff and the Class.

### JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully submitted,

By: *[signature]*

Timothy F. Maloney
Matthew M. Bryant
Alyse L. Prawde
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
301/220-2200 (tel.)
301/220-1214 (fax)
tmaloney@jgllaw.com
mbryant@jgllaw.com
aprawde@jgllaw.com

Dennis A. Baird, Esq.
Keshia D. Baird, Esq.
The Law Offices of Dennis A. Baird, Esq., P.C.
1323 Fenwick Lane, Suite 100
Silver Spring, MD 20910

David Simpson, Esq.
David M. Simpson, P.A.
6404 Ivy Lane, Suite 408
Greenbelt, MD 20770
Phone: (301) 474-9634
Fax: (301) 474-7601

*Counsel for Plaintiffs*